FILED

02 SEP 27 AH 10: 57

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM ERNEST KUENZEL,            )
                                   )
              Petitioner,          )
                                   )
vs.                                )     Case No. CV 00-J-316-E
                                   )
MICHAEL HALEY, Commissioner        )
of the Alabama Department          )
of Corrections, and the           )
ATTORNEY GENERAL OF                )
THE STATE OF ALABAMA,              )
                                   )
              Respondents.         )

ENTERED

SEP 2 7 2002

## <u>MEMORANDUM OPINION</u>

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the

constitutional validity of the conviction he received in the Talledega County Circuit Court on

September 23, 1988, for capital murder, for which he was sentenced to death. The petitioner,

William Ernest Kuenzel, with the assistance of an attorney, filed the instant petition for writ of

*habeas corpus* on February 7, 2000.[1]  He is incarcerated on Death Row at Holman Correctional

Facility in Atmore, Alabama.

---

[1]     Petitioner moved the court for a ruling that the statute of limitations set forth in 28
U.S.C. § 2254 was tolled until all his state court proceedings were exhausted. At that time, petitioner
still had pending an appeal from the state court's denial of his Rule 32 petition as untimely. With
the motion for tolling, petitioner submitted a "place holder" petition to be filed if the motion were
denied. By order dated February 15, 2000, the court denied the motion and deemed the petition filed.



## I. PROCEDURAL HISTORY

On September 23, 1988, the petitioner was convicted after a jury trial for the capital murder of Linda Offord, a convenience store clerk who was shot to death in 1987 during a robbery. The jury recommended that petitioner be sentenced to death, and, on November 7, 1988, following the jury recommendation of the death penalty, the trial judge sentenced petitioner to death by electrocution.

Petitioner appealed his conviction to the Alabama Court of Criminal Appeals, which affirmed the conviction on June 29, 1990. On January 11, 1991, the Alabama Supreme Court affirmed the decision of the appellate court. A certificate of judgment was issued by the Alabama Court of Criminal Appeals on March 28, 1991. On October 7, 1991, the United States Supreme Court denied petitioner's application for writ of *certiorari*.

On October 4, 1993, petitioner filed a petition for post-conviction relief in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. The petition initially was denied on October 6, 1994, as time-barred under Rule 32.2(c), but on May 6, 1996, the trial court granted petitioner's motion to set aside the October 6, 1994, order. After an answer was filed and petitioner sought discovery, the State filed a motion to reinstate the October 6, 1994, order dismissing the petition as time-barred. On February 18, 1999, the trial court granted the State's motion and entered an order dismissing the petition as time-barred. Petitioner appealed the dismissal, which was affirmed by the Alabama Court of Criminal Appeals on January 28, 2000. He sought rehearing, but that was denied a month later, on February 25, 2000. He next sought review in the Alabama Supreme Court, which denied *certiorari* on July 28, 2000, as did the United States Supreme Court on January 16, 2001.

On February 7, 2000, while still litigating his appeals from the dismissal of his Rule 32 petition, the petitioner, represented by counsel, filed a motion in this court seeking a ruling that his one-year limitation period set forth in 28 U.S.C. § 2254 "is tolled until all state court proceedings and possible appeals therefrom" were exhausted. With the motion, he filed a *habeas corpus* petition, requesting that it be filed if the motion for tolling were denied. On February 15, 2000, the court denied the motion on the ground that it was premature, deemed the petition filed, and stayed proceedings pending notification that all appeals from the state court proceedings had been concluded.

On January 22, 2001, petitioner notified the court that the United States Supreme Court denied *certiorari* of the appeal from the Rule 32 denial. By order dated February 5, 2001, the court lifted the stay and gave petitioner 30 days in which to amend his petition. Petitioner filed an amended petition on March 21, 2001.

On June 15, 2001, respondents filed a motion to dismiss the petition, contending that the petition is time-barred by operation of 28 U.S.C. § 2244(d)(1).[2] Petitioner filed a memorandum of law and a supplemental memorandum in opposition. Respondents filed an answer on July 11, 2001, together with a memorandum of law and a record of the trial, appellate, and post-conviction proceedings. On September 18, 2001, petitioner moved the court for leave to file a second amended *habeas* petition, which was granted, and the second amended petition was filed November 20, 2001. Respondents filed an amended answer on January 18, 2002, and a brief in response to the second

---

[2]     Respondents also address the merits of the claims contained in the petition. Because the petition clearly is time-barred, the court need not address any other issue.

amended petition. On July 1, 2002, petitioner filed a supplement to the second amended petition and

a supplemental brief. A corrected version of the brief was filed July 8, 2002.

## II. TIMELINESS

The respondents raise the issue that the instant petition may not be considered by the court

because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1). The court agrees that the one-year time

deadline for the filing of this petition expired no later than April 23, 1997, that the petitioner's

pending Rule 32 proceedings did not toll the running of the time, and that it cannot now be

considered on the merits.

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), established for the first time a one-year deadline for the filing of

*habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year

limitation runs from the latest of any of four dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA further provides that the limitation period is subject to tolling under § 2244(d)(2), which states:

> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court. The term "properly filed application," however, is not defined by the statute, and it is the definition of this term upon which the timeliness of the instant petition depends. The State respondents argue that the instant petition was not filed within the one-year limitation period because no "properly filed" state court petition tolled the running of the limitation period.[3] In opposition to the motion to dismiss, petitioner argues that: (1) the limitation was tolled during the pendency of the Rule 32 litigation, (2) the statutory limitation should be equitably tolled, and (3) the limitation period otherwise should not be enforced.

Turning to the facts of this case, the petitioner's judgment of conviction became final when the United States Supreme Court denied his petition for writ of *certiorari* on October 7, 1991. However, because that date was prior to the enactment of AEDPA, the petitioner would have the benefit of the one-year grace period, setting his deadline for filing a *habeas* petition in this court on April 23, 1997.   Wilcox v. Florida Department of Corrections, 158 F.3d 1209 (11th Cir.

---

[3]     It is undisputed that the instant petition was not filed within AEDPA's one-year grace period.

1998)(holding that a one-year grace period for filing a federal *habeas* petition would apply to those petitioners whose convictions became final before the date of AEDPA's enactment); Drew v. Department of Corrections, 297 F.3d 1278 (11th Cir. 2002). Consequently, absent any tolling, it is on that date the one-year limitation period would expire, causing any petition filed later than April 23, 1997, to be untimely.[4]

In accordance with subsection (d)(2), the one-year limitation period is tolled for that portion of the period during which petitioner had pending in state court a "properly filed" post-conviction petition. In this case, petitioner's Rule 32 petition was filed on October 4, 1993, before the enactment of AEDPA, and remained pending until July 28, 2000, when the Alabama Supreme Court denied *certiorari* following petitioner's direct appeal in the state courts, and some five months *after* petitioner filed the instant *habeas* petition. Accordingly, if the Rule 32 petition is deemed to have been "properly filed," the *habeas* petition is timely because the entire time from the enactment of AEDPA to the filing of the petition was tolled by the pending Rule 32 petition. If the Rule 32 petition was not "properly filed," however, the respondents' motion to dismiss is due to be granted because it had no tolling effect and the time for filing this petition expired long before February 7, 2000.

--------------------------------------

[4] It is important to note that petitioner does not argue that any of the other three dates from which the limitation period might begin running under § 2244(d)(1) is applicable to his case. While he does argue that the lack of a copy of the Alabama Rules Manual in the Holman law library prevented him from knowing about the two-year limitation for state Rule 32 petitions, he offers no argument that the State impeded his ability to file the instant § 2254 petition. Nor does he point to any new Supreme Court precedent which might be retroactively applicable to his case or the recent discovery of the factual predicate of any claim. Indeed, for any of these triggering dates to be able to save the current petition, petitioner would have to show that the triggering event occurred within one year prior to the filing of the petition on February 7, 2000. He has not done so or attempted to do so.

For the reasons set forth herein, the court finds that petitioner's Rule 32 petition was not "properly filed" within the meaning of § 2244(d)(2) and that it did not toll the running of the one-year limitation period, which began to run on April 24, 1996, and expired on April 23, 1997. Further, the court concludes that the doctrine of equitable tolling does not save the petition. The instant petition, filed on February 7, 2000, almost three years past the deadline, is due to be dismissed as untimely.

In the six years since the enactment of AEDPA, the issue of whether a post-conviction petition is "properly filed" often has been examined in different contexts. Several district courts have held that state post-conviction petitions that are untimely, frivolous, or subject to a procedural bar cannot be deemed to be "properly filed" for purposes of suspending the running of the AEDPA limitation period. For example, in Valentine v. Senkowski, 966 F. Supp. 239, 241 (S.D.N.Y. 1997), the district court stated that "a post-conviction state remedy, which may be filed at any time, [may] be used to revive a right to federal relief which otherwise would be time-barred by the lapse of one year following direct appeal, thus evading the intent of the new law." To prevent the circumvention of the one-year limitation period, the court held that post-conviction petitions must be non-frivolous to be considered "properly filed" under § 2244(d)(2). Id. Another judge in this court similarly held that "if a petition is found by the state courts to be barred as successive, abusive, **or untimely**, it would not toll the time limitation of § 2244(d)(1)." See, e.g., Ivory v. Mitchell, in the District Court for the Northern District of Alabama, CV-98-AR-3003-S, October 26, 1999 (emphasis added).

The Eleventh Circuit Court of Appeals also has concluded that several types of procedural defaults may preclude a state post-conviction petition from being "properly filed" for federal limitation purposes. In particular, in early 2000 the Eleventh Circuit specifically held in Webster

v. Moore that an **untimely** state post-conviction petition is not "properly filed" and thus does not toll

AEDPA's statute of limitation. 199 F.3d 1256, 1258 (2000).

Several months later, the United States Supreme Court addressed a similar but distinct issue

in Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  In Artuz, the Court

affirmed the Second Circuit Court of Appeals and determined that a state post-conviction petition

that contained claims that were procedurally barred was nonetheless "properly filed."  In reaching

its conclusion the Court noted:

> An application is '*properly* filed' when its delivery and acceptance are in compliance
> with the applicable laws and rules governing filings.  These usually prescribe, for
> example, the form of the document, **the time limits upon its delivery**, the court and
> office in which it must be lodged, and the requisite filing fee.

Artuz, 121 S. Ct. at 363-64 (emphasis added).  The Supreme Court's conclusion is consistent with

the Eleventh Circuit Court of Appeals' decision in Webster[5] because the court noted that "the

question whether an application has been "properly filed" is quite separate from the question whether

the claims *contained in the application* are meritorious and free of procedural bar."  Artuz, 121 S.

Ct. at 364.  "Claims" within a state post-conviction petition may be defaulted while others are not,

but the timeliness of the filing of the application affects the entire petition, not the separate,

individual claims within it.   Thus, while a *petition* containing procedurally defaulted claims

---

[5]        The court notes, although recognizing that there is no precedential value in the fact,
that the United States Supreme Court denied *certiorari* in Webster just six days after deciding Artuz.
531 U.S. 991, 121 S. Ct. 481, 148 L. Ed. 2d 454 (2000).

nonetheless may be a "properly filed application," an untimely filed petition is not a "properly filed *application*."

Post-<u>Artuz</u>, other circuit courts of appeal have recognized that an untimely post-conviction proceeding is not "properly filed" for purposes of tolling the statute of limitation. <u>See, e.g.</u>, <u>Raglin v. Randle</u>, 2001 WL 523530 (6th Cir. May 8, 2001)(holding, in an unpublished opinion, that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations"); <u>Outlaw v. Sternes</u>, 233 F.3d 453, 456 (7th Cir. 2000)(citing footnote 2 of <u>Artuz</u> in concluding that untimely state post-conviction petition is not "properly filed"). <u>But see</u> <u>Dictado v. Ducharme</u>, 244 F.3d 724, 727-28 (9th Cir. 2001)(holding that if a state's rule governing timely commencement of a post-conviction petition contains exceptions that require the state court to examine the merits of a petition before dismissing it as untimely, an untimely petition may be "properly filed" for purposes of tolling AEDPA's statute of limitation).

Pre-<u>Artuz</u> opinions also have concluded that untimely-filed state petitions do not toll the statute of limitation. <u>Villegas v. Johnson</u>, 184 F.3d 467, 469-79 and n.2 (5th Cir. 1999)(pre-<u>Artuz</u> opinion holding that a successive state court post-conviction petition is not properly filed, but explaining that a properly filed application for purposes of § 2254(d)(2) "is one that conforms with a state's applicable procedural filing requirements," which may include the time and place of filing); <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir. 1998)(pre-<u>Artuz</u> determination that petition must meet rules governing time and place of filing in order to be deemed properly filed).

A few months after <u>Artuz</u> was decided, the Eleventh Circuit Court of Appeals again examined the issue of an untimely filed Florida state court post-conviction motion. In <u>Delancy v. Florida Department of Corrections</u>, 246 F.3d 1328, 1331-32 (2001), the circuit court of appeals held

that the district court's dismissal of a federal habeas petition as time-barred was due to be reversed. The reasoning of the opinion is somewhat like the Ninth Circuit's in <u>Dictado v. Ducharme</u>, 244 F.3d 724, 727-28 (9th Cir. 2001).  In <u>Delancy</u>, the petitioner had filed a second post-conviction motion under Florida Rule of Criminal Procedure 3.850, which he asserted acted to toll the § 2244(d)(1) statute of limitation.  The district court ruled that the second motion did not toll the deadline because the second motion was filed more than two years after his conviction became final, and thus was time-barred by Florida Rule of Criminal Procedure 3.850(b).  <u>Id</u>.  The Eleventh Circuit reversed, finding that the motion alleged newly discovered evidence, which, under Florida's rule, provided an exception to the two-year limitation period.  <u>Id</u>. at 1331-32.  Thus, as in <u>Dictado</u>, whether a state post-conviction petition is timely depends upon state law, and, if state law provides an exception to the usual limitation period applicable to the petition, it may not be untimely under state law and may be "properly filed" for federal *habeas* limitation purposes.

In <u>Hurley v. Moore</u>, 233 F.3d 1295 (11th Cir. 2001), the Eleventh Circuit Court of Appeals again reviewed the district court's treatment of a time-barred petition for writ of *habeas corpus*.  In <u>Hurley</u>, the petitioner filed his first state post-conviction motion within the state-law time frame, but failed to include a written oath as required by the state law.  The state court denied the petition without prejudice, permitting petitioner to refile a timely, properly sworn motion.  Instead of refiling a properly sworn motion, the petitioner moved for rehearing, which was denied.  He then appealed the denial, which was affirmed.  <u>Id</u>. at 1298.  By the time Hurley later filed a second, properly sworn post-conviction motion, it was denied as untimely.  <u>Id</u>.  In his federal *habeas* action, the district court dismissed the petition as time-barred.  On appeal, petitioner argued that his § 2254 motion was timely because his first state post-conviction motion was properly sworn.  The Eleventh Circuit

Court of Appeals held that his § 2254 motion could be considered timely only if the first post-conviction motion could be deemed "properly filed." The court further held that the motion, which did not contain the oath required by Florida law, was not properly filed and did not toll the running of the one-year limitation. Id.

A fair reading of the cases cited above is that the Eleventh Circuit Court of Appeals has determined that, consistent with Artuz, successive state court post-conviction petitions are "properly filed" and toll the statute of limitation, but that untimely or unsworn petitions are not "properly filed" and do not toll the limitation, unless the state court declines to apply the time-bar in favor of considering the merits, or unless the state court is required to delve into the merits of the claims in order to resolve the issue of whether the state-law time-bar applies. This conclusion compelled the District Court for the Middle District of Alabama in Siebert v. Haley, 193 F. Supp. 2d 1260 (2002), to hold that a post-conviction motion must meet state filing deadlines to be "properly filed." Id. at 1264.

Any questions as to whether a post-conviction motion must be timely filed in order to toll AEDPA's one-year period were definitively decided by the Eleventh Circuit Court of Appeals in Drew v. Department of Corrections, 297 F.3d 1278 (11th Cir. 2002). In Drew, the petitioner sought *habeas* relief following the dismissal in the state courts of his third post-conviction motion. The federal *habeas* action clearly was untimely unless the third post-conviction motion triggered the tolling provision of Section 2244(d)(2). The court in Drew noted that the third motion did not allege facts that were previously unknown and unascertainable through due diligence; nor did the petitioner allege any facts relevant to any statutory exception to Florida's filing deadline for a post-conviction motion. Accordingly, the post-conviction motion was untimely under Florida law and therefore was

not "properly filed" as required to toll AEDPA's statute of limitation. Id. at 1284. The court of appeals explained:

> In this case, there is no doubt that Drew filed his third Rule 3.850 motion well over two years after his conviction became final. Prior to Artuz, this Court held in Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000), that claims considered procedurally barred under state law for reasons such as untimeliness were not properly filed and could therefore not toll the AEDPA statute of limitations. Webster remains valid today. According to Artuz, a petition is not "properly filed" if it is not filed in compliance with "the time limits upon its delivery." 531 U.S. at 8, 121 S.Ct. at 364. In a footnote, the Supreme Court explicitly left open "the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Id. at 9 n. 2, 121 S.Ct. at 364 n. 2 (citing Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000)).

Id. at 1284-5. Consequently, the federal appellate court affirmed the district court's dismissal of the

*habeas* action as untimely.       In this case, petitioner filed his post-conviction motion in the state trial

court on October 4, 1993. Upon motion of the respondents, the trial court dismissed the petition as

untimely pursuant to Rule 32.2(c), noting that the certificate of judgment following petitioner's

direct appeal was issued by the Alabama Court of Criminal Appeals on March 28, 1991, making any

Rule 32 petition filed later than March 27, 1993, untimely.[6] Ultimately, the Alabama Court of

Criminal Appeals affirmed, and the Alabama Supreme Court denied *certiorari* on July 28, 2000.

Thus, the state courts determined conclusively as a matter of state law that the Rule 32 petition was

untimely at the time it was filed.[7] Neither the trial court nor the state appellate courts examined

---

[6]       Alabama Rule of Criminal Procedure 32.2(c) in effect at the time governing petitioner's motion prescribed a limitation period requiring any Rule 32 petition to be filed "within two years after the issuance of the certificate of judgment by the Court of Criminal Appeals."

[7]       The United States Supreme Court also denied *certiorari* on January 16, 2001.

petitioner's Rule 32 claims on the merits, nor is such an examination required by the Alabama rule. The petition contained no allegations of newly discovered evidence that might trigger the six-month exception to the two-year rule. In his appeal from the denial of his Rule 32 petition as untimely, petitioner did not assert that he was entitled to an extended deadline in accordance with Alabama Rule of Criminal Procedure 32.2(c) because his claims were premised upon newly discovered evidence.[8] Accordingly, this court is compelled, pursuant to <u>Artuz</u> and <u>Drew</u>, to conclude that the untimely state petition was not a "properly filed application" capable of tolling the limitation period and to dismiss petitioner's *habeas* petition as time-barred under § 2244(d)(1).

### III. EQUITABLE TOLLING

Petitioner has responded to the assertion that his petition is time-barred by arguing that he is entitled to equitable tolling of the limitation period. The Eleventh Circuit Court of Appeals has recognized that the limitation period under § 2244(d)(1) may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F. 3d 1269, 1271 (11th Cir. 1999). The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it is to be "applied sparingly." <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000)(citing <u>Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)). Other circuits likewise have restricted the use of equitable tolling to instances that are

---

[8]     The Alabama rule contains a provision similar to the Florida rule at issue in <u>Delancy</u> that provides that petitions based upon newly discovered evidence may be filed within the two-year period, or within six months of the time the new evidence is discovered, whichever is later.

"extraordinary," "rare," and "beyond the control" of the petitioner. See Wyzykowski v. Department of Corrections, 226 F. 3d 1213, 1216, n.1 (11th Cir. 2000), and cases cited therein.

Petitioner has failed to demonstrate the "extraordinary circumstances" that would compel the court to apply equitable tolling. In sum, petitioner contends that he was not affirmatively informed of the time limitations of Rule 32; that the Alabama Rules of Criminal Procedure were not available in the law library at Holman,[9] where petitioner was incarcerated; and, that the law library was loud and crowded and provided an atmosphere not conducive to legal research.[10] He also asserts that he was without counsel from October 1991 until September 1993, the time in which the Rule 32 petition should have been filed in order to meet the state's time deadlines. Petitioner further argues that his failure to meet the one-year deadline for filing the federal *habeas* petition was a result of his compliance with federal *habeas* law requiring him to exhaust state court remedies before filing his *habeas* petition. None of these arguments is worthy of merit.

Even assuming petitioner's assertions are true and that petitioner was unaware of the time limitation of Rule 32 and had no access to a handbook of Alabama Rules of Criminal Procedure, he admits that the law library at Holman contains Alabama case law and statutes. Thus, petitioner had

---

[9]     Petitioner fails to offer any testimony or evidence of such a deficiency in the library. That allegation simply is asserted by counsel in the brief filed July 8, 2002. Nonetheless, mere ignorance of the time deadlines cannot be considered an "extraordinary" circumstance justifying equitable tolling because to so hold would create an incentive for prisoners to be less than diligent in researching their rights and the procedures provided for asserting them. Such would cause the perverse result of extending equitable tolling to the prisoner who does nothing to determine his rights, while denying it to the prisoner who diligently researches his rights only to discover them too late.

[10]     Petitioner also asserts that the two-year time limit for filing of Rule 32 petitions was new and had not been enforced by the Alabama courts prior to the court's denial of the petitioner's Rule 32 motion. This argument is addressed in the court's discussion, *infra*, of whether the state court's ruling on the timeliness of the Rule 32 petition is due deference.

-14-

available to him legal materials, case reports, and code sections that provided the language of, and law relating to, Rule 32. Petitioner has not specifically described the lack of access to information regarding the time limitation of Rule 32 other than to assert that the Rules handbook was not in the library, nor has he demonstrated that he took any steps to diligently pursue his claims as required by the doctrine of equitable tolling. See Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001). Petitioner is required to do more than to say simply that the prison "lacked all relevant statutes and case law." Id. He must assert that he asked for the relevant statutes or rules, that he made some independent efforts to determine when the limitation period began to run, and that the correctional institution "somehow thwarted his efforts." Id. Because petitioner failed to make any showing of the requisite due diligence, he is not entitled to equitable tolling based on the assertion that the Holman law library lacked a copy of the Alabama Rules manual.

As to petitioner's argument that he is entitled to equitable tolling because he was not represented by counsel at the time his Rule 32 petition should have been filed in state court, the court notes that there exists no Sixth Amendment right to counsel in the context of a post-conviction or collateral attack. Murray v. Giarrantano, 492 U.S. 1, 109 S. Ct 2765, 106 L. Ed. 2d 1(1989). Therefore, to allow a petitioner's time to be equitably tolled because he did not have counsel for his state post-conviction proceedings either would create a mandate that counsel be appointed for all those who could seek post-conviction remedies or would rob AEDPA's time limitation of all effectiveness. Neither outcome can be justified under prevailing law.

In this case, petitioner could have filed his Rule 32 petition *pro se* but failed to do so. Moreover, even where a petitioner has counsel and counsel erroneously advises the petitioner as to the deadline for filing a *habeas* petition, the attorney's incorrect calculation is not considered

grounds for equitable tolling of the time limitation.  Steed, 219 F.3d at 1300.  Clearly, then, petitioner's lack of counsel is not an "extraordinary circumstance" that prevented him from timely filing the instant petition.  Moreover, he obtained counsel again in September 1993, and was represented by counsel at the time AEDPA was enacted in 1996.  Petitioner and counsel could have avoided the § 2244(d)(1) limitation simply by filing a *habeas* petition within one year after AEDPA's passage.  Thus, the failure to file a timely petition was not beyond petitioner's control, as is necessary for application of equitable tolling.

Petitioner's argument that the statute of limitation should be tolled because he was attempting to exhaust his state court remedies likewise is without merit.  Petitioner was free to file a federal *habeas* petition even while pursuing his state court proceedings – which is what petitioner ultimately did, albeit belatedly.  Moreover, petitioner's efforts to exhaust his state court remedies in no way prevented him from filing a *habeas* petition in federal court within the one-year time period.  Petitioner has not alleged any reason he could not have simultaneously pursued both the state remedies and the federal *habeas* action, except to argue that his federal *habeas* action would have been subject to dismissal on grounds that his claims were unexhausted.  Even so, petitioner could have timely filed in 1996 what he ultimately filed in February 2000 – a federal *habeas* petition, noting that the *habeas* proceedings should be stayed until resolution of the appeals of his post-conviction motion.

The court further notes that equitable tolling is not applicable in this case because petitioner was on notice, no later than October 1994, that the state court considered his Rule 32 petition to be untimely.  Although that ruling was reconsidered and the Rule 32 petition was further briefed, it was made clear to petitioner, when the respondents filed a motion to dismiss in the trial court and the trial

-16-

court granted that motion, that the timeliness of it was in question. Consequently, petitioner had actual notice of the defect in his Rule 32 filing, and the trial court's order should have alerted him to the fact that such a filing might not be considered "properly filed" for tolling purposes under the AEDPA time limitation. A petitioner exercising the diligence required would have filed his federal *habeas* action within the one-year period out of caution, even if he continued to contest the timeliness issue in the state courts.

Petitioner has failed to show that any "extraordinary circumstances" that were "beyond his control" prevented him from timely filing the instant petition. Accordingly, the statute of limitation is not due to be equitably tolled, and the instant petition is due to be dismissed as untimely.

## IV. DEFERENCE

Petitioner presented his arguments relating to the timeliness of his Rule 32 petition in his appeal from the denial of the petition by the trial court, and the Alabama Court of Criminal Appeals addressed the issue on the merits. A federal court generally is required to defer to a state court's application of its own filing deadlines. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner asserts that the state court's ruling that the Rule 32 petition was untimely is not due deference by this court because the filing deadline: (1) was unclear and ambiguous; (2) was not "firmly established" or "regularly followed" at the time he filed his Rule 32 petition because it was not then in effect, and (3) was not mandatory. None of these contentions warrants disregarding the state court finding of untimeliness of the Rule 32 petition.

-17-

## A. Unclear and Ambiguous

Petitioner first contends that the time limitation of Rule 32.2(c) is unclear and ambiguous.

Prior to August 1, 2002,[11] Rule 32.2(c) stated:

> Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987.

Ala. R. Crim. Pro. 32.2(c). The rule clearly dictates that the post-conviction petition must be filed within two years after the certificate of judgment is issued by the Court of Criminal Appeals. Rule 32.2(c) is neither unclear nor ambiguous, and petitioner does not assert that the rule, taken alone, is unclear. Petitioner argues that the ambiguity arises from Rule 32's interaction with Alabama Rule of Appellate Procedure 41, which mandates that the certificate of judgment "shall issue 18 days after entry of judgment unless the time is shortened or enlarged by order." Ala. R. App. P. 41(a). The rule further provides:

---

[11]    On August 1, 2002, Rule 32.2(c) was modified to shorten the time for filing a petition to one year. Otherwise, the text of the rule remains unchanged from what it has been since it was first adopted as Temporary Rule 20.2(c) in 1987.

**(b) Stay of Certificate of Judgment Pending Petitions for Certiorari to Courts of Appeals.** The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately. If the time for the issuance of the certificate of judgment shall have been shortened pursuant to subdivision (a) hereof, the court of appeals shall grant such relief, upon motion, as may be appropriate.

Ala. R. App. P. 41(b). Petitioner argues that the certificate of judgment rendered in his case on March 28, 1991, was "premature" because he had applied for *certiorari* with the United States Supreme Court, which had not yet been denied. Thus, petitioner asserts, there had been no "final disposition" of his case as required in Rule 41(b).

Petitioner presented this same argument to the Alabama Court of Criminal Appeals, which determined that it has been well established that "the statute of limitations begins to run when [the Alabama Court of Criminal Appeals] issues its certificate." Exhibit B to Petitioner's Memorandum of Law at p. A2, quoting Wesley v. State, 706 So. 2d 855 (Ala. Crim. App. 1997). Petitioner does not dispute that the "final disposition" required by Rule 41(b) clearly references the disposition of the case by the Alabama Supreme Court, not the United States Supreme Court.[12] Not only does the

---

[12]    The Alabama Supreme Court addressed this issue recently in Ex parte Hutcherson, 2002 WL 960044, ___ So. 2d ___ (Ala., May 10, 2002). In Hutcherson, the petitioner, a death penalty inmate, had filed an out-of-time Rule 32 petition based on his attorney's belief that the two-year period began to run after review by the United States Supreme Court, rather than upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals. Id. The issue before the court was whether a writ of *mandamus* issued by the Alabama Court of Criminal Appeals directing the trial court to grant the motion to dismiss the Rule 32 petition as untimely was appropriate for *mandamus* relief. In a dissenting opinion, however, Justice Stuart noted that Rule 32 "specifically provide[s] that the time runs from the issuance of a certificate of judgment by the Court of Criminal Appeals." Id. at *6.

language of the Rule so indicate, but petitioner concedes that the practice of the Alabama Court of Criminal Appeals has been to issue the certificate of judgment upon completion of the review in the Alabama Supreme Court, regardless of whether an appeal is then made to the United States Supreme Court. Accordingly, this argument is without merit.

### B. "Firmly Established"

Petitioner next argues that the two-year limitation for the filing of Rule 32 petitions was not "firmly established" or "regularly followed" at the time petitioner filed his Rule 32 petition because it had not yet gone into effect. More specifically, petitioner asserts that the Alabama Supreme Court had never, before deciding petitioner's appeal from the Rule 32 denial, considered a Rule 32 motion time-barred when it was filed within two years of the denial of a petition for writ of *certiorari* in the United States Supreme Court.

The two-year limitations period for filing a petition for post-conviction relief in Alabama was in effect prior to the date petitioner was convicted in 1988.  See Ala. R. Crim. P. Temporary Rule 20.2(c), enacted April 1, 1987.[13]  Therefore, petitioner's argument that the rule was not in effect

---

[13]     The rule states:

> (c) STATUTE OF LIMITATIONS.  Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 20.1(a) and (f), unless the petition is filed (1) In the case of a conviction appealed to the court of criminal appeals, within two years after the issuance of the certificate of judgment by the court of criminal appeals under Rule 41, Alabama Rules of Appellate Procedure ....

Ala. R.  Crim. P. 20.2(c) (1987).

simply is without merit. Petitioner next argues that, even if the rule was in effect, it was not "firmly established" or "regularly followed." Petitioner's argument is premised on Daniels v. State, 650 So. 2d 544 (Ala. Crim. App. 1994). Petitioner argues that in Daniels, the court did not question the timeliness of the Rule 32 petition because it was filed within two years after the United States Supreme Court denied *certiorari*. Petitioner's argument misstates both the history of the case and the proposition for which the case stands.

In Daniels, the defendant was convicted of capital murder and was sentenced to death in 1978. He appealed to the Alabama Court of Criminal Appeals, which in 1980 reversed and remanded for new trial. The United States Supreme Court in 1982 vacated the Alabama Court of Criminal Appeals' decision and remanded for further consideration in light of Hopper v. Evans, 456 U.S. 605, 102 S. Ct. 2049, 72 L. Ed. 2d 367 (1982). Following remand, the Alabama Court of Criminal Appeals determined that the defendant was not entitled to a new trial and affirmed the conviction in 1985, but vacated the death sentence and remanded for resentencing. See Daniels v. State, 534 So. 2d 658. Defendant was resentenced, and he appealed the new sentence, which was affirmed by the Alabama Court of Criminal Appeals on October 13, 1987. Daniels v. State, 534 So. 2d 658. The Alabama Supreme Court affirmed the conviction on September 30, 1988, in Daniels v. State, 534 So. 2d 664, and the United States Supreme Court denied *certiorari* review by order dated January 23, 1989. Daniels v. Alabama, 488 U.S. 1051, 109 S. Ct. 884, 102 L. Ed. 2d 1007. The defendant filed his Rule 32 petition on March 20, 1990.

The petitioner has not provided any evidence as to when the Alabama Court of Criminal Appeals issued its certificate of judgment in Daniels, but the applicable provisions of Rule 41 would require that the certificate of judgment be issued immediately after the Alabama Supreme Court

denied *certiorari* on September 30, 1988. The defendant in <u>Daniels</u> filed the Rule 32 petition at issue in the case cited by petitioner on March 20, 1990, approximately 18 months after the certificate of judgment was due to be issued and well within the two-year statute of limitations. Accordingly, <u>Daniels</u> cannot be read to stand for the proposition that the Alabama courts have not "firmly established" or do not "regularly follow" the limitation period prescribed by Rule 32.2(c) or its predecessor rule, Temporary Rule 20.2(c). To the contrary, Alabama case law is replete with examples through the years since the rule was enacted in which the Alabama courts have strictly enforced the two-year limitation for filing petitions for post-conviction relief. <u>See, e.g.</u>, <u>Dowdell v. State</u>, 2002 WL 1398002 (Ala. Crim. App. June 28, 2002); <u>Kaska v. State</u>, 709 So. 2d 500 (Ala. Crim. App. 1997); <u>Rahman v. State</u>, 563 So. 2d 50 (Ala. Crim. App. 1990); <u>Cochran v. State</u>, 548 So. 2d 1062 (Ala. Ct. App. 1989). The petitioner has not demonstrated that there have been any cases in which the respondents raised the issue of time-bar and the court chose not to apply the limitation period.[14] Accordingly, petitioner's argument that the two-year limitation is not "firmly established" or "regularly followed" is without merit.[15]

---

[14]     The court agrees that there have been instances in which the state failed to raise the time limitation as a defense and the courts chose not to address the time bar issue or found that the time-bar had been waived, but such instances do not compel a conclusion that the state did not "firmly establish" or "regularly follow" the clear mandate of Rule 32.

[15]     Although petitioner does not raise the argument that the time-bar should not apply because he is subject to the death penalty, it should be noted the Alabama courts have definitively stated that the procedural bars of Rule 32 apply with equal force in capital cases. <u>See, e.g.</u>, <u>State v. Tarver</u>, 629 So. 2d 14, 19 (Ala. Crim. App. 1993).

-22-

### C. Mandatory

Finally, petitioner asserts that the Rule 32.2(c) limitation is not "mandatory." This argument also is without merit. The clear language of Rule 32.2(c) demonstrates its mandatory nature, stating that the court "*shall not* entertain any petition" that is not filed within the prescribed time. Ala.R.Crim.P. 32.2(c)(emphasis added). The precise issue was squarely addressed in Williams v. State, 783 So. 2d 135 (Ala. Crim. App. 2000), in which the Alabama Court of Criminal Appeals stated: "Rule 32.2(c), Ala.R.Crim.P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala.R.Crim.P., and its language is mandatory." Id. at 136-37, citing Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed. 1999). The court in Williams went on to explain that the failure to file a Rule 32 petition within the two-year period set forth in Rule 32.2(c) is a "jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it." Williams, 783 So. 2d at 137. The court overruled any previous holdings to the contrary.[16] Id.

Although Williams is a recent decision, it does not announce new law, but merely clarifies what the language of Rule 32.2(c) set forth since its inception as Rule 20.2(c) in 1987. Williams makes imminently clear that the two-year (now, one-year) limitation of Rule 32.2(c) is not only mandatory, but also jurisdictional in nature. But even if that were not the law at the time petitioner

---

[16]     As recognized *supra* in footnote 11, Alabama courts had previously opined that the state's failure to raise the time-bar defense constituted a waiver. This fact is irrelevant to petitioner's position, however, because petitioner does not and could not argue that he had any reason to rely on the state to waive the time-bar defense. As noted, the State expressly raised the time bar issue in petitioner's Rule 32 proceedings. Thus, even if a petitioner might be able to argue that Alabama law did not previously regard the Rule 32.2(c) limitation as non-waivable and that such a petitioner should be given the benefit of a waiver by the State, that did not occur in this case because the limitation was asserted by the State, not waived by it.

filed his Rule 32 petition, it does not matter, because the State explicitly asserted the limitation in response to the petition. This is not a case in which it might be argued that the limitation was waived by the State. Accordingly, the argument that Rule 32.2(c) is not mandatory is without merit.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be dismissed with prejudice as time-barred by 28 U.S.C. § 2244(d). Petitioner, with the assistance of counsel, waited until February 2000 to file the instant *habeas* petition, well more that one year after the limitation period was enacted in 1996. The Rule 32 petition pending at the time AEDPA became law did not act to toll the running of the limitation period under § 2244(d)(2), because it was found itself to be untimely under Alabama state law and procedure, a finding this court must respect. Being untimely itself, the Rule 32 petition was not a "properly filed application" within the meaning of § 2244(d)(2), such that it could toll the running of the federal limitation period. See Drew v. Department of Corrections, 297 F.3d 1278 (11th Cir. 2002). Further, no "extraordinary circumstances" exist that justify the equitable tolling of the limitation.

By separate order, the court will GRANT the respondents' motion to dismiss the instant petition with prejudice.

DATED this _27_ day of _September_, 2002.

_____
INGE P. JOHNSON
U.S. DISTRICT JUDGE

-24-