IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ERNEST KUENZEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:00-cv-316-IPJ-TMP |
| ) | |
| DONAL CAMPBELL, Commissioner of the ) | |
| Alabama Department of Corrections, and the ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received in the Talledega County Circuit Court on September 23, 1988, for capital murder, for which he was sentenced to death. The petitioner, William Ernest Kuenzel, with the assistance of an attorney, filed the instant petition for writ of *habeas corpus* on February 7, 2000.[1] He is incarcerated on Death Row at Holman Correctional Facility in Atmore, Alabama. This opinion addresses only the issue whether petitioner's *habeas* action was timely filed under 28 U.S.C. § 2244(d).

---

[1] Petitioner moved the court for a ruling that the statute of limitation set forth in 28 U.S.C. § 2254 was tolled until all his state court proceedings were exhausted. At that time, petitioner still had pending an appeal from the state court's denial of his Rule 32 petition as untimely. With the motion for tolling, petitioner submitted a "place-holder" petition to be filed if the motion were denied. By order dated February 15, 2000, the court denied the motion and deemed the petition filed.

## I.  PROCEDURAL HISTORY IN FEDERAL COURT

On February 7, 2000, while still litigating his appeals from the dismissal of a Rule 32 petition in the Alabama state courts, the petitioner, represented by counsel, filed a motion in this court seeking a ruling that his one-year limitation period set forth in 28 U.S.C. § 2254 "is tolled until all state court proceedings and possible appeals therefrom" were exhausted.  With the motion, he filed a *habeas corpus* petition, requesting that it be filed if the motion for tolling were denied.  On February 15, 2000, the court denied the motion on the ground that it was premature, deemed the petition filed, treating it as a "place-holder" petition, and stayed proceedings pending notification that all appeals from the state court proceedings had been concluded.

On January 22, 2001, petitioner notified the court that the United States Supreme Court had denied *certiorari* of the appeal from the state Rule 32 denial.  By order dated February 5, 2001, the court lifted the stay and gave petitioner 30 days in which to amend his petition.  Petitioner filed an amended petition on March 21, 2001.

On June 15, 2001, respondents filed a motion to dismiss the petition, contending that the petition is time-barred by operation of 28 U.S.C. § 2244(d)(1) and, alternatively, that the claims are without merit.  Petitioner filed a memorandum of law and a supplemental memorandum in opposition to the motion to dismiss.  Respondents filed an answer on July 11, 2001, together with a memorandum of law and a copy of the record of the trial, appellate, and post-conviction proceedings.  On September 18, 2001, petitioner moved the court for leave to file a second amended *habeas* petition, which was granted, and the second amended petition was filed November 20, 2001. Respondents filed an amended answer on January 18, 2002, and a brief in response to the second

amended petition. On July 1, 2002, petitioner filed a supplement to the second amended petition and a supplemental brief. A corrected version of the brief was filed July 8, 2002.

On September 27, 2002, the court entered a memorandum opinion and order dismissing the petition as time-barred. Petitioner appealed to the Eleventh Circuit Court of Appeals, which issued a mandate on November 13, 2003, vacating and remanding for further proceedings consistent with Siebert v. Campbell, 334 F.3d 1018 (11th Cir. 2003). On May 11, 2005, however, the respondents filed a renewed motion to dismiss on time-bar grounds based upon the Supreme Court's opinion in Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Petitioner sought and received an extension of time in which to respond to the motion, with his response being filed on August 5, 2005. Respondents filed a reply on August 11, 2005, and petitioner sought to file a sur-reply, which was granted. The sur-reply was filed on August 19, 2005. On September 2, 2005, the court issued an order that the parties may file additional authority or argument related to the application of Pace in light of the Eleventh Circuit Court of Appeals' August 16, 2005, unpublished decision in Colbert v. Head, 146 Fed. Appx. 340 (11th Cir. 2005). Both parties filed responses on September 12, 2005.

## II. PROCEDURAL HISTORY IN STATE COURT

On September 23, 1988, the petitioner was convicted after a jury trial for the capital murder of Linda Offord, a convenience store clerk who was shot to death in 1987 during a robbery. The jury recommended that petitioner be sentenced to death, and, on November 7, 1988, following the jury recommendation of the death penalty, the trial judge sentenced petitioner to death by electrocution.

Petitioner appealed his conviction to the Alabama Court of Criminal Appeals, which affirmed the conviction and sentence on June 29, 1990. On January 11, 1991, the Alabama Supreme Court affirmed the decision of the appellate court. A certificate of judgment was issued by the Alabama Court of Criminal Appeals on March 28, 1991. On October 7, 1991, the United States Supreme Court denied petitioner's application for writ of *certiorari*.

On October 4, 1993, petitioner filed a petition for post-conviction relief in the trial court pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. The petition initially was denied on October 6, 1994, as time-barred under Rule 32.2(c), but on May 6, 1996, the trial court granted petitioner's motion to set aside the October 6, 1994, order. After an answer was filed and petitioner sought discovery, the State filed a motion to reinstate the October 6, 1994, order dismissing the petition as time-barred. On February 18, 1999, the trial court granted the State's motion and entered an order dismissing the petition as time-barred. Petitioner appealed the dismissal, which was affirmed by the Alabama Court of Criminal Appeals on January 28, 2000. He sought rehearing, but that was denied a month later, on February 25, 2000. He next sought review in the Alabama Supreme Court, which denied *certiorari* on July 28, 2000. The United States Supreme Court denied *certiorari* on January 16, 2001.

### III. TIMELINESS

This court recently faced essentially the same question of timeliness in Siebert v. Campbell, Case No. 1:01-cv-2323-IPJ-TMP. The respondents in the instant case, as in Siebert, assert that the decision made by the Supreme Court in Pace constitutes a change in law on a controlling issue. The

court agrees and thus examines whether the intervening decision affects the mandate to treat Kuenzel's petition as timely filed.

The issue presented here is discussed fully in the memorandum opinion entered by the court in Siebert, which is attached hereto. Stated succinctly, the question is whether petitioner's state Rule 32 petition was "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2) of the time period for filing the instant *habeas* petition, notwithstanding the finding by the Alabama state courts that the Rule 32 petition was not timely filed under state rules. For all the reasons set forth in this court's Siebert opinion, the Alabama state courts' determination that Kuenzel's Rule 32 petition was untimely filed under Alabama Rule of Criminal Procedure 32.2(c) constitutes the "end of the matter."[2] The Supreme Court announced in Pace that a post-conviction petition that has been rejected by the state courts as untimely is not considered "properly filed" within the meaning of the AEDPA's statutory tolling provision. Pace, 125 S. Ct. at 1812 n.1.

In this case, petitioner filed his post-conviction motion in the state trial court on October 4, 1993, less than two years after the Supreme Court denied *certiorari*, but more than two years after the certificate of judgment was issued by the Alabama Court of Criminal Appeals. Upon motion of the respondents, the trial court dismissed the petition as untimely filed pursuant to Rule 32.2(c), specifically noting that the certificate of judgment following petitioner's direct appeal was issued

---

[2] Petitioner's counsel argues that Pace must not be read to mean that the "Supreme Court intended to turn federal *habeas* law on its head and to allow an errant state court to deprive a Petitioner of any possibility of federal *habeas* relief simply by deciding arbitrarily and capriciously that the Petitioner's state court petition is untimely, without a d [*sic*] novo review of the State court's decision by the federal habeas court." (Petitioner's Supplemental Memorandum, pp. 4-5). In this case, however, petitioner has failed to demonstrate that the state court was "errant," or that its reading of the clear language of Rule 32.2(c) was arbitrary or capricious.

by the Alabama Court of Criminal Appeals on March 28, 1991, making any Rule 32 petition filed later than March 27, 1993, untimely.[3] The Alabama Court of Criminal Appeals affirmed, and both the Alabama Supreme Court and the United States Supreme Court denied *certiorari*. Thus, the state courts determined conclusively, applying the clear language of the applicable rule, that, as a matter of state law, the Rule 32 petition filed in October 1993 was untimely at the time it was filed.

Based on this finding by the Alabama state courts, this court concluded that the instant *habeas* petition filed in February 2000 also was not timely filed under 28 U.S.C. § 2244(d), which mandates a one-year limitation period for the filing of federal *habeas* actions. The one-year limitation period began to run for petitioner on the date § 2244(d) was enacted as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") by Congress, April 26, 1996. Section 2244(d)(2), however, provides for the tolling of the limitation period during the pendency of a "properly filed" state post-conviction collateral petition. Because petitioner's Rule 32 was pending on the date the AEDPA was enacted, it tolled the running of the one-year limitation, but

---

[3] Alabama Rule of Criminal Procedure 32.2(c) in effect at the time governing petitioner's motion prescribed a limitation period requiring any Rule 32 petition to be filed "within two years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P; ...." Except for a shortening of the time limit from two years to one, this rule has remained unchanged since at least 1990, before petitioner filed the Rule 32 petition in question here. The Alabama courts consistently have ruled that the triggering date for the running of the Rule 32.2(c) time limit is the date the Alabama Court of Criminal Appeals issues a certificate of judgment, except that a timely petition for *certiorari* in the Alabama Supreme Court will stay the effect of the certificate of judgment until the *certiorari* is resolved. See Thomas v. State, 893 So. 2d 563 (Ala. Crim. App. 2002); Wesley v. State, 706 So. 2d 855 (Ala. Crim. App. 1997). The reference in Rule 41 of the Alabama Rules of Appellate Procedure to *certiorari* in the "Supreme Court" necessarily means the Alabama Supreme Court, not the United States Supreme Court. Rule 1 of the Alabama Rules of Appellate Procedure defines the scope of the rules as governing appeals to "the Supreme Court, the Court of Civil Appeals, and the Court of Criminal Appeals," all of which are clearly intended to be a reference to the state appellate courts, as Alabama has no authority to promulgate rules governing appeals in the United States Supreme Court.

only if it was a "properly filed" petition. And that is the point of controversy in this case. Respondents contend that it was not "properly filed" because the state courts determined conclusively that it was untimely filed in violation of Rule 32.2(c). Petitioner argues that this question was resolved by the Eleventh Circuit Court of Appeals in its decisions in Siebert v. Campbell, 334 F.3d 1018 (11th Cir. 2003), and in this case, in which that court determined that the time limitation for filing Rule 32 petitions in Alabama state court was not "jurisdictional" in nature until 2000, and, therefore, was not a "condition to filing" that would preclude a finding that it was "properly filed" under § 2244(d)(2) and Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Relying on Siebert, the Court of Appeals reversed this court's earlier dismissal and remanded for further proceedings on the instant *habeas* petition. When the United States Supreme Court announced its decision in Pace, however, the respondents renewed their motion to dismiss the petition as untimely filed.

As discussed much more extensively in this court's memorandum opinion in Siebert v. Campbell, Case No. 1:01-cv-2323-IPJ-TMP (attached), this court believes that Pace constitutes an intervening controlling authority that excuses the court from following the mandate of the Court of Appeals under the law-of-the-case doctrine. This court noted in that memorandum opinion that the Court in Pace said: "[W]e hold that time limits, *no matter their form*, are 'filing' conditions." Pace, 125 S. Ct. at 1814 [italics added]. The Court then stated unequivocally that, when the state courts hold that a post-conviction petition is untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 1812. Thus, the essential holding and rationale of Pace is that, once state courts apply state law to the question of the timeliness of the filing of a state petition, the

federal courts are not free to second-guess whether that determination creates a "condition to filing" or a "condition to obtaining relief." It is a "condition to filing," which precludes a finding that an untimely petition was, nonetheless, "properly filed" for § 2244(d)(2) purposes.

As Supreme Court authority on point, this court is required to follow Pace, even though it apparently undermines the Eleventh Circuit's decision in Siebert v. Campbell, 334 F.3d 1018 (11th Cir. 2003), and the mandate in this case. This court is unable to reconcile Pace with the Eleventh Circuit's holding in Siebert, particularly in light of the Supreme Court's citation to Alabama's Rule 32.2(c) as an example of the very type of rule that constitutes a "condition to filing." See Pace v. DiGuglielmo, ___ U.S. ___, ___, n. 7, 125 S. Ct. 1807, 1814, n. 7, 161 L. Ed. 2d 669 (2005).[4] The *dicta* in the Eleventh Circuit's unpublished opinion in Colbert v. Head, 146 Fed. Appx. 340 (11th Cir.2005), does not change this result for the reasons also explained in the attached memorandum opinion in Siebert. Applying Pace to this case, therefore, leads the court to the conclusion that, because petitioner's state Rule 32 petition was not timely filed, it was not "properly filed" for

---

[4] Footnote 7 in Pace reads:

> FN7. Compare, e.g., Pa. Rule Crim. Proc. 901(A) (2005) (titled "Initiation of Post-Conviction Collateral Proceedings" and listing compliance with the time limit as one mandatory condition); 42 Pa. Cons.Stat. § 9545(b) (2002) (titled "Jurisdiction and proceedings" and listing the time limit); Commonwealth v. Fahy, 558 Pa. 313, 328, 737 A.2d 214, 222 (1999) (describing the time limit as "jurisdictional"); *2 Ala. Rule Crim. Proc. 32.2(c) (2004-2005) (stating that a court "shall not entertain" a time-barred petition)*, with 42 Pa. Cons.Stat. § 9543(a) (2002) (titled "Eligibility for relief" and listing procedural bars, like those at issue in Artuz ); 2 Ala. Rule Crim. Proc. 32.2(a) (2004-2005) (stating that a "petitioner will not be given relief" if certain procedural bars, like those at issue in Artuz, are present). [Italics added for emphasis].

purposes of statutory tolling under § 2244(d)(2) and, thus, the instant petition is due to be dismissed as untimely filed as well.

Petitioner also has made the argument that he is entitled to equitable tolling because the state court did not ultimately find that the Rule 32 petition was untimely until long after the one-year AEDPA limitation period had expired. Even though there is no statutory tolling available to petitioner, the limitation period might be equitably tolled by "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). This argument was addressed in this court's earlier order dismissing the petition, which is incorporated here. Petitioner was on notice as early as 1993 that his Rule 32 petition might be untimely when the respondents raised that very issue in a motion to dismiss the Rule 32 petition, which the state court initially granted. While it was not a concern at the time for his future *habeas* action, the enactment of the one-year limitation in the AEDPA in 1996 made it a concern, and he clearly could have filed a protective "place-holder" *habeas* petition within the one-year period after April 1996. Recent authority indicates that petitioner could have protected his rights simply by filing a protective *habeas* petition, which the court could then stay and hold in abeyance while the matter was litigated in the state courts. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Indeed, this very petition, filed in February 2000, was a "place-holder" petition in the sense that he still was litigating in state court at the time it was filed — albeit too late. Petitioner is unable to demonstrate the requisite diligence to be entitled to equitable tolling of the limitation period. He has offered no reason why he could not have filed a protective *habeas* petition in 1996 or 1997, a time during which he was represented by counsel.

**CONCLUSION**

Accordingly, for the reasons stated above, the court finds that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be dismissed with prejudice as time-barred by 28 U.S.C. § 2244(d). Under the Supreme Court's precedent in Pace, an intervening controlling authority regarding the very issue presented here, the meaning of the term "properly filed" in § 2244(d)(2), the untimely state petition filed by Kuenzel was not a "properly filed application" capable of tolling the limitation period. Petitioner, represented by counsel, waited until February 2000 to file the instant *habeas* petition, more than three years after the limitation period was enacted in 1996. The Rule 32 petition pending at the time AEDPA became law did not act to toll the running of the limitation period under § 2244(d)(2), because it was found to be itself untimely under Alabama state law and procedure. Pace compels the conclusion that the Rule 32 petition, being untimely filed, was not a "properly filed application" within the meaning of § 2244(d)(2) such that it could toll the running of the federal limitation period.

By separate order, the court will GRANT the respondents' motion to dismiss the instant petition with prejudice.

DATED this 9th day of February, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE